**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Mildred Calender, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 C 4790 |
| | ) | |
| Client Services, Inc., a Missouri | ) | |
| corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Mildred Calender, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt

collection actions violated the FDCPA, and to recover damages for Defendant's

violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.      Venue is proper in this District because: a) part of the acts and

transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.      Plaintiff, Mildred Calender ("Calender"), is a citizen of the State of Texas,

from whom Defendant attempted to collect a delinquent consumer debt owed to Bank of

America, despite the fact that she was represented by the legal aid attorneys at the

Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities

program ("LASPD"), located in Chicago, Illinois.

4.     Defendant, Client Services, Inc. ("Client Services"), is a Texas corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts throughout the nation, including throughout the State of Illinois.  In fact, Client Services was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Calender.

5.     Defendant Client Services is licensed to do business in the State of Illinois, and maintains a registered agent within the State of Illinois.  <u>See</u>, record from the Illinois Secretary of State, a copy of which is attached as Exhibit <u>A</u>.

6.     Defendant Client Services is licensed as a debt collection agency in the State of Illinois.  <u>See</u>, record from the Illinois Division of Professional Regulation, attached as Exhibit <u>B</u>.

## FACTUAL ALLEGATIONS

7.     Ms. Calender is a disabled senior citizen of limited assets and income, who fell behind on paying her bills.  One such debt she was unable to pay was a debt she originally owed to Bank of America.  The Bank of America account became delinquent, and eventually, Defendant Client Services began collection actions relative to that debt.  Accordingly, Ms. Calender sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program -- a nationwide program to protect seniors and disabled persons in financial difficulties, where those persons have virtually no assets and their income is protected from collection.

8.     On July 16, 2009, Ms. Calender's attorney at LASPD wrote a letter to Defendant Client Services, advising Client Services that Ms. Calender was represented

by counsel as to this debt, and directing Client Services to cease contacting Ms. Calender, and to cease all further collection activities, because Ms. Calender was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and the fax confirmation are attached as Exhibit C.

9.      Nonetheless, despite being advised that Ms. Calender was represented by an attorney, Defendant Client Services continued to call Ms. Calender to demand payment of the debt, including, but not limited to, a telephone call on July 22, 2009, at 4:15 p.m.

10.      Accordingly, on July 22, 2009, Ms. Calender's LASPD attorney had to send Defendant Client Services yet another letter, directing it to cease communicating directly with Ms. Calender. Copies of this letter and fax confirmation are attached as Exhibit D.

11.      All of the collection actions at issue occurred within one year of the date of this Complaint.

12.      Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Collections**

13.      Plaintiff adopts and realleges ¶¶ 1-12.

14.      Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications and from

continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  <u>See</u>, 15 U.S.C. § 1692c(c).

15.     Here, Ms. Calender's agent told Defendant Client Services in writing to cease all collection activities, to cease communications, and that she refused to pay the debt (Exhibit <u>C</u>).  By continuing to communicate with Ms. Calender, and demanding payment of her debt, Defendant Client Services violated § 1692c(c) of the FDCPA.

16.     Defendant Client Services' violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

17.     Plaintiff adopts and realleges ¶¶ 1-12.

18.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  <u>See</u>, 15 U.S.C. § 1692c(a)(2).

19.     Defendant knew that Ms. Calender was represented by counsel in connection with this debt because her LASPD attorneys had informed Defendant, in writing, that she was represented by counsel, and had directed Defendant to cease all collection activities and to cease directly communicating with Ms. Calender.  By directly calling Ms. Calender, despite being advised that Ms. Calender was represented by counsel, Defendant Client Services violated § 1692c(a)(2) of the FDCPA.

20.     Defendant Client Services' violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Mildred Calender, prays that this Court:

1.      Find that Defendant Client Services' debt collection actions violated the FDCPA;

2.      Enter judgment in favor of Plaintiff Calender, and against Defendant Client Services, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Mildred Calender, demands trial by jury.

Mildred Calender,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated:  August 5, 2009

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com